No. 2662.—A. H. D'MEZA *v.* L. F. GENERES et al.

22   285
105  530

A mortgage may be given to secure a debt that has no legal existence at its date, as well as to secure a loan that is to be obtained in the future on the faith of its security. In this case the loan was not made until more than two years had elapsed from the date of the mortgage.

Held—That the loan having been made on the faith of the security of the mortgage, it was binding on the property mortgaged to the extent of the amount loaned from the date of the loan.

Subsequent mortgagees have the right to dispute the validity and amount of any prior mortgage.

If the validity of a mortgage has been attacked by a subsequent mortgagee, the party against whom the attack is made, must be permitted to show, by evidence, its real character and consideration.

An injunction by a subsequent mortgagee, restraining the purchaser from settling with the prior mortgagee, is not a case where a judgment has been enjoined, and no damages will be allowed.

APPEAL from Seventh District Court, parish of Orleans. *Collens,* J. *Saucier & Michinard,* for plaintiff and appellant. *C. Dufour,* for defendants and appellees.

HOWE, J. The contest in this case is between the plaintiff, a judicial mortgagee, whose judgment was rendered upon a claim originating in 1867, and was recorded November 26, 1869, and the defendant, Genérès, a conventional mortgagee, whose mortgage was executed and recorded in the year 1862. The allegation, upon which the plaintiff attacked the security of Genérès was, that the consideration of the mortgage given to the latter was illegal, and contrary to public policy; being a loan by Genérès to Beverly, the common debtor, of $8000 in Confederate treasury notes. This allegation was not established, but, on the contrary, disproved. It appears, however, from the evidence, that on the twelfth of May, 1862, Beverly made his note for $8000, to his own order, and indorsed in blank, and delivered it to Genérès, and on the same day executed his mortgage in favor of Genérès on the property whose proceeds are here in dispute. The mortgage recites that Beverly is justly indebted to the mortgagee "for money to him lent in the presence of the notary and witnesses;" but it appears that no money was loaned at that time. On the twenty-fifth of July, 1864, the following memorandum appears to have been written on the back of the note: "This note is reduced by partial payment to the sum of $3000, payment whereof is extended for two years from this day, the interest for one year having been paid in advance, and interest for the second year payable at the expiration of the first year."

The explanation of this memorandum appears to be that, on the twenty-fifth of July, 1864, Genérès did actually loan to Beverly, upon the security of the note and mortgage, the sum of $3000 in United States treasury notes. The judge *a quo,* in his opinion, says upon these questions:

" I find that the note, the act and the memorandum are, all three, false.

"*First*—Beverly did not receive, on the twelfth of May, 1862, any value for the note.

"*Second*—Generès did not lend him $8000 (not even a dollar) in presence of the notary; and

"*Third*—The note was not reduced by partial payments on the twenty-fifth of July, 1864; for, instead of being reduced from something to less, it was on that day raised from nothing to something; from zero to $3000; the very reverse of what the memorandum states;.

"The true fact, favorable to Generès, which commands attention and regard, is, that there was, indeed, a loan actually made by him to Beverly on the twenty-fifth of July, 1864, and that this loan was made on the security resulting from the mortgage act and note created May 12, 1862. A reliance on this security was expressly extended and contemplated. This security was the real consideration that induced Generès to make the loan, and it is therefore certainly equitable that to the extent of the actual loan, Generès should have the benefit of this security."

Upon the authority of the case of Pickersgill *v.* Brown, 7 An. 297, the judge *a quo* then proceeded to give judgment, dismissing the plaintiff's demand and maintaining the mortgage in favor of Generès for the sum of three thousand dollars, with interest from July 25, 1865.

The plaintiff, who has appealed, contends, with much earnestness, that the mortgage of Generès had no legal basis, there being at the time of its execution "no legal obligation, no *vinculum juris,* whose performance was to be secured." This point was fully discussed in the case of Pickersgill *v.* Brown, and upon the same authorities cited by plaintiff. And this case is more free from doubt than that. In that case the court decided that the priority of Brown related back to the date of record of the mortgage. In this case it is not necessary to go to that extent. It is enough to say that it appears from the record, as a whole, that Beverly made his note and mortgage in 1862; that he delivered the note to Generès for negotiation; that in July, 1864, three years before the plaintiff became a creditor of Beverly and five years before he became a mortgagee, Generès, on the faith and security of the note and mortgage, loaned the sum of three thousand dollars in lawful money. Here was an obligation, surely; and Generès is protected for all he demands, even if we should admit that the mortgage had rank only from the twenty-fifth July, 1864, the date of the actual loan thereon, and we do not perceive that the plaintiff, who chose to loan Beverly money three years after, has any reason to complain of this priority.

The plaintiff reserved a bill of exceptions to the ruling of the court *a qua* in permitting evidence of the real intent and consideration of the mortgage. The court did not err. The plaintiff himself provoked the inquiry, and can not object to its being pushed to the extent of finding out the real truth.

The reality of the act and mortgage were attacked by one not a party to it, and the contest was not between the contracting parties.

The plaintiff, in commencing this action, procured an injunction against the purchaser of the property to restrain him from settling with Generes. The appellee has prayed in this court for an amendment of the judgment so as to decree damages and counsel fees. This can not be permitted. It is not a case where a judgment has been enjoined.

For the reasons given, it is ordered that the judgment appealed from be affirmed, with costs.